## Cooke Brewing Company, Appellee, v. John Wolf, Appellant.

## Gen. No. 16,950.

1. BILLS AND NOTES—*extension*. An affidavit extending a chattel mortgage, given as security for a judgment note, extends the maturity of the indebtedness due on such note.

2. ACCORD AND SATISFACTION—*evidence*. A verdict that property mortgaged as security for a $2,500 note was not taken as an accord and satisfaction of the amount due thereon, is justified where the testimony as to such an agreement is conflicting, and at a fair foreclosure sale the property netted but $100.

3. ALTERATION OF INSTRUMENTS—*evidence*. In an action on a note, the date of maturity of which has been altered, the contention that the note is inadmissible in evidence on the ground of lack of execution is not sound, where such alteration was made because of an affidavit of extension of a mortgage given as security for such note.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

HORTON, WICKETT, MILLER & MEIER, for appellant; JOHN H. MILLER, of counsel.

E. F. MASTERSON, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by John Wolf from a judgment against him obtained by the Cooke Brewing Company. The brewery first obtained a judgment by confession on a note for $2,500, for the amount of principal and interest, which was $4,480.50. On motion leave was given to plead, the judgment to stand as security. A trial was had by a jury, which brought in a verdict for $3,400, and judgment was entered thereon which we are asked to reverse.

It is urged by the appellant that the execution of the note in evidence was not proven. The basis for this claim is that the note has been changed since it was signed by Wolf. It is conceded that he signed the note for $2,500, dated January 11, 1895, and also that the date of maturity, that is, December 11, 1898, which appeared on the face of the note when it was introduced in evidence, is not the date of maturity which was on the note when signed by Wolf. The note was secured by chattel mortgage, from which it appears that the indebtedness matured December 11, 1896. It seems, therefore, that the date of the maturity of the note was changed from December 11, 1896, to December 11, 1898. There was an affidavit of extension of this chattel mortgage, sworn to on November 30, 1896, by one Martin W. Honan, to the effect that he was the agent of the brewery, the mortgagee, that there was due and unpaid on said note the sum of $2,500, and that "said mortgage is hereby extended by agreement of said mortgagee and mortgagor until the 20th day of October, 1898." Wolf at the same time signed an affidavit attached thereto, certifying to the truth of the Honan affidavit, and stating that it was "made for the purposes therein set forth." This affidavit of extension was duly recorded December 1, 1896. It thus appears that not only did Wolf sign the note, but he agreed to a change in the time when the lien of the mortgage would expire.

However, we do not consider the fact of the alteration in the date of maturity of the instrument itself to be controlling. The important question is, did the affidavit of extension have the effect of extending the maturity of the note to October 20, 1898?

It is claimed by counsel for appellant that while the lien of the mortgage was extended by this affidavit, the date of the maturity of the indebtedness was not extended and, therefore, the note maturing December 11, 1896, the statutory limit of ten years had run before suit was begun.

Section 4 of the chapter entitled "Mortgages," Re-. vised Statutes of Illinois, in force July 1, 1891, with reference to the point in question provides that "such mortgage * * * shall * * * be good and valid from the time it is filed for record until the maturity of the entire debt or obligation, or extension thereof made as hereinafter specified: Provided, such time shall not exceed two years, from the filing of the mortgage, unless within thirty days next preceding the expiration of such two years, or if the said debt or obligation matures within such two years, then within thirty days next preceding the maturity of such debt or obligation the mortgagor and mortgagee * * * shall file for record * * * an affidavit setting forth particularly the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, and if such mortgage is for the payment of money, *the amount remaining unpaid thereon,* and the *time when the same will become due by extension or otherwise;* * * * and thereupon the mortgage lien originally acquired shall be continued and extended for and during the term of two years from the filing of such affidavit, or until the maturity of the indebtedness or extension thereof secured by said mortgage."

The statute does not require that the affidavit contain an agreement to extend the lien of the mortgage. It does require that there shall appear an agreement to extend the maturity of the indebtedness, and this being done the lien of the mortgage follows by virtue of the statute.

Construing the affidavit of the parties herein in the light of the statute, it is evident that by the words "said mortgage is hereby extended by agreement * * * until the 20th day of October, 1898," the parties intended and did agree to extend the indebtedness secured by the mortgage. It follows, therefore, that the statute of limitations did not begin to run until

Cooke Brewing Co. v. Wolf, 173 Ill. App. 80.

October 20, 1898, and suit was begun within the period of limitation.

Evidence was introduced under the plea of no consideration. Wolf admitted receiving $1,166.75 in loans from the brewery, while a witness for the brewery testified to other advances amounting to $800, and both parties testified that other sums were loaned to Wolf, although the amounts had been forgotten. The jury brought in a verdict for an amount considerably less than the face of the note and interest, and there are no facts presented to us from which we can determine that the jury was mistaken as to the amount.

Accord and satisfaction was claimed. It is claimed that Wolf having abandoned the mortgaged premises, and the mortgage having been foreclosed, the parties agreed that the taking of the mortgaged property should be considered as payment in full. The property was sold at foreclosure sale for $100, and it is a fair inference from the evidence that it was worth no more.

There is a conflict in the testimony as to statements indicating a settlement between Wolf and the brewery, claimed to have been made by an officer of the brewery. The verdict of the jury indicates that accord and satisfaction were not proven, and we cannot say that this conclusion was wrong.

What we have said heretofore covers the point that the court should not have admitted the note in evidence, and in the instructions complained of we find no reversible error.

Therefore the judgment is affirmed.

*Affirmed.*